Jose ABREU, Plaintiff–Appellant,

v.

NEW YORK CITY POLICE DEPART-
MENT, The City of New York,
Defendants–Appellees.

No. 07–3755–cv.

United States Court of Appeals,
Second Circuit.

March 31, 2009.

Saul D. Zabell, Zabell & Associates, P.C., Bohemia, NY, for Plaintiff–Appellant.

Janet L. Zaleon, Assistant Corporation Counsel of the City of New York, (Kristin M. Helmers, Eric Eichenholtz, on the brief) for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, for Defendants–Appellees.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges, Hon. CHARLES S. HAIGHT, JR.,* District Judge.

### SUMMARY ORDER

Plaintiff-appellant Jose Abreu ("Abreu") appeals from an August 21, 2007 judgment in the United States District Court for the Eastern District of New York (Wexler, J.), dismissing, *inter alia,* his Title VII, 42 U.S.C. § 2000e *et seq.,* and state law retaliation claims against the City of New York ("City") and the New York City Police Department ("NYPD") pursuant to Federal Rule of Civil Procedure 50(a). We assume the parties' familiarity with the underlying facts and procedural history of this case and the issues on appeal.

Abreu argues that he offered sufficient evidence to show that, through the actions of Lieutenant James Lombardi ("Lombardi"), the City and the NYPD unlawfully retaliated against him for filing an Equal Employment Opportunity ("EEO") complaint alleging racial discrimination and for participating in an Internal Affairs Bureau ("IAB") investigation into alleged racial profiling. The NYPD's retaliatory acts, Abreu asserts, led to his termination from the Suffolk County Police Department ("SCPD"). Assuming, *arguendo,* that the City and the NYPD were bound by Lombardi's unauthorized statements to the SCPD, *see Riviello v. Waldron,* 47 N.Y.2d 297, 300–05, 418 N.Y.S.2d 300, 301–04, 391 N.E.2d 1278, 1280–82 (1979), Abreu's claim fails because he cannot establish two of the elements required to establish a prima facie case of retaliation. *See Leecan v.*

* The Honorable Charles S. Haight, United States District Judge for the Southern District of New York, sitting by designation.

298

*Lopes,* 893 F.2d 1434, 1439 (2d Cir.1990) ("[W]e are free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied.").

■ First, Abreu cannot show that he suffered an adverse employment action, as he failed to prove that any of Lombardi's statements impacted his ability to secure subsequent work. *See Jute v. Hamilton Sundstrand Corp.,* 420 F.3d 166, 178–79 (2d Cir.2005) (stating that to establish a retaliation claim based on a negative reference, a plaintiff must prove a *"false* statement negatively affected [the plaintiff's] chances of securing employment"). Indeed, despite Lombardi's comments, Abreu was hired by the SCPD and remained employed there for six months. Although Abreu claims that Lombardi's actions were at least a "motivating factor" in the SCPD's eventual decision to terminate him, this argument is foreclosed: a jury found that Abreu's discharge from the SCPD was not in retaliation for any protected activity, and Abreu has not appealed this verdict.

■ Second, assuming, *arguendo,* that Lombardi's calls to the SCPD amounted to an adverse employment action itself, Abreu cannot establish a causal connection between his protected activity and the adverse action. *See Distasio v. Perkin Elmer Corp.,* 157 F.3d 55, 66 (2d Cir.1998) ("To establish a prima facie case for retaliation a plaintiff must demonstrate . . . a causal connection between the protected activity and the adverse employment action."). Specifically, we find unconvincing Abreu's attempt to link his protected EEO complaint to the relevant call. Both Lombardi and the SCPD official who received the call in question testified that the conversation involved Abreu's on-the-job conduct and the IAB racial profiling investigation, not the EEO com-

plaint. *See generally Wimmer v. Suffolk County Police Dept.,* 176 F.3d 125, 135–36 (2d Cir.1999) (stating that a "complaint of retaliation for opposing discrimination by co-employees against non-employees" is "not cognizable" under Title VII). Further, we cannot consider SCPD's termination of Abreu as the relevant adverse employment action because, as noted, a jury has already found that Abreu's discharge was not motivated by the EEO complaint. Even without the verdict, however, there is no evidence that SCPD decision-makers knew about the complaint before the discharge decision was made. Deputy Chief of Detectives Donna L. Engel, for instance, only learned of Abreu's EEO filing several weeks after Abreu left the SCPD.

■ Finally, Abreu raises two evidentiary claims. He asserts that the district court wrongly excluded testimony regarding Lombardi's alleged racial profiling. *United States v. Szur,* 289 F.3d 200, 217 (2d Cir.2002) ("We review evidentiary rulings for abuse of discretion."). The district court did not abuse its discretion in excluding this testimony, however, as Abreu's participation in the subsequent racial profiling investigation may not form the basis of a retaliation claim. *See Wimmer,* 176 F.3d at 135 (stating that a "complaint of retaliation for opposing discrimination by co-employees against non-employees is" not cognizable under Title VII because the opposition is not "directed at an unlawful *employment practice* of [the] employer"). Abreu also contends that the district court abused its discretion in excluding the City's 56.1 Statement, which Abreu argues should have been allowed as a party admission. But the topics covered in the City's 56.1 Statement—Lombardi's phone calls and the scope of his authorization to make the calls—were also extensively covered by

trial testimony. Thus, the district court's exclusion of the City's 56.1 Statement was not an abuse of discretion because it would have done nothing to advance Abreu's prima facie case. *See Zahra v. Town of Southold,* 48 F.3d 674, 686 (2d Cir.1995) ("A district court has wide discretion in controlling the admissibility of testimony and other evidence.")

For the foregoing reasons, the judgment of the district court is AFFIRMED.